NICHOLAS W. DAVILA (SBN 256832)
ndavila@londonfischer.com
SHAWHEEN SHAFIZADEH (SBN 315482)
sshafizadeh@londonfischer.com
LONDON FISCHER LLP
2505 McCabe Way, Suite 100
Irvine, California 92614
T: (949) 252-0550 | Fax: (949) 252-0553

Attorneys for Defendant
WALT DISNEY PARKS AND RESORTS U.S., INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JERAS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC., a Florida corporation; dba DISNEYLAND; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.:<br><br>[Originally filed in Orange County Superior Court, Case No. 30-2021-01206853-CU-PO-CJC]<br><br>**DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332, 1441, 1446 (DIVERSITY JURISDICTION)**<br><br>[Filed concurrently with Civil Cover Sheet; Declaration of Shawheen Shafizadeh; Declaration of Aaron H. Solomon; and Certificate of Interested Parties] |

{L0172576.2 }                                1
DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S NOTICE OF REMOVAL

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE THAT**, pursuant to United States Code, Title 28, Sections 1332, 1441 and 1446, Defendant WALT DISNEY PARKS AND RESORTS U.S., INC. ("WDPR") removes the above-entitled action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California. This notice of removal respectfully shows:

### The State Court Action

1. On June 22, 2021, an action was commenced in the Superior Court of California, County of Orange, entitled *Kenneth Jeras v. Walt Disney Parks and Resorts U.S. Inc. dba Disneyland, Does 1 to 100*, Case No. 30-2021-01206853-CU-PO-CJC. (*See* Summons and Complaint, a true and correct copy of which is attached to the concurrently filed Declaration of Shawheen Shafizadeh ["Shafizadeh Decl."], as **Exhibit "A"**; and WDPR'S Answer to Complaint, a true a correct copy of which is attached to the Shafizadeh as **Exhibit "B"**.)

2. Plaintiff Kenneth F. Jeras, a citizen of Arizona, alleges that he sustained personal injuries when he tripped and fell over a raised platform near the security screening area at the Mickey & Friends parking structure at the Disneyland Resort on August 21, 2019. (*See* Ex. "A", ¶ 9.)

3. The Complaint asserts the following causes of action: (1) Premises Liability; and (2) Negligence. (*See* Ex A, ¶¶ 13-32.)

4. Plaintiff named Walt Disney Parks and Resorts U.S., Inc. dba Disneyland ("WDPR") as the only Defendant. WDPR was served with the Summons and Complaint on July 24, 2021. (Shafizadeh Dec. ¶ 3. **Ex. A**.) No other defendant has been named or served.

5. This Notice of Removal is being filed within 30 days of WDPR being served with Summons and a copy of the Complaint and is therefore timely filed pursuant to 28 U.S.C. § 1446(b).

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

{L0172576.2 }  2
DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S NOTICE OF REMOVAL

## Removal of the Complaint is Proper on the Basis of Diversity

6. The above-described action is a civil action of which this court has original jurisdiction under the provisions of United States Code, Title 28, Section 1332, and is one that may be removed to this Court by Defendant, pursuant to United States Code, Title 28, Section 1441.

7. This Court has original jurisdiction over this action under United States Code, Title 28, Section 1332 because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

## Complete Diversity of the Parties Exists

8. Pursuant to United States Code, Title 28, Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."

9. The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). The Court held that the " 'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at p. 1184. The Court further clarified that the principal place of business is the place where the corporation "maintains its headquarters - provided that the headquarters is the actual center of direction, control and coordination." *Id*.

10. WDPR, at the time this action was commenced, was and still is a corporation incorporated under the laws of the State of Florida, with its principal place of business in the State of Florida. (Declaration of Aaron H. Solomon, ¶ 3.) WDPR's principal place of business is located in the state of Florida because its corporate headquarters, principal corporate offices, and the majority of its employees are located in Florida. (*Id*.) WDPR's principal business office in

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

{L0172576.2 }  3
DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S NOTICE OF REMOVAL

California is located at 1313 South Harbor Blvd., Anaheim, California 92802. (*Id.*)

11. "For purposes of removal...the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). Inclusion of "Doe" defendants in a state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered). *Salveson v. Western States Bakcard Ass'n.*, 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that the rule in the Ninth Circuit is that non-served defendants are not required to join in a removal petition). Therefore, Plaintiff's inclusion of DOES 1 through 20 in the Complaint cannot defeat diversity jurisdiction.

12. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff is a citizen of the State of Arizona. (*See* Ex. A ¶ 4.)

13. This court has original jurisdiction over the case based on diversity jurisdiction pursuant to United States Code, Title 28, Sections 1332(a) and 1441(b), in that, Plaintiff is a citizen of Arizona and Defendant is a citizen of Florida. As a result, complete diversity exists between Defendant and Plaintiff.

### The Amount in Controversy Exceeds an Aggregate of $75,000

14. In addition to the existence of complete diversity, this court also has original jurisdiction over the case pursuant to United States Code, Title 28, Sections 1332(a) and 1441(b), on the basis that the amount in controversy exceeds the requisite $75,000 minimum, exclusive of interest and costs.

15. In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, statutory penalties, and attorney's fees. *Hunt v. Washington State Apple*

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

{L0172576.2}   4
DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S NOTICE OF REMOVAL

*Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

16. Here, Plaintiff seeks general damages, medical and related expenses, loss of earnings, and damages resulting from his alleged impaired earning capacity. Plaintiff did not specifically plead the amount in controversy in the Complaint. However, on March 1, 2021, Plaintiff's counsel served a settlement demand letter upon WDPR Guest Claims Administrator Rachel Andrade, who investigates injury claims brought by guests of the Disneyland Resort, proposing a settlement in an amount of $300,000. (Shafizadeh Dec. ¶ 5., Ex. C.)

17. Thus, pursuant to the Federal Rules of Civil Procedure as construed by Ninth Circuit precedent, WDPR is in receipt of "a paper from which it may first be ascertained" that the amount in controversy exceeds $75,000. *See Bahasa v. LensCrafiers, Inc.*, 498 F.3d 972, 975 (9th Cir. 2007) ("We have no doubt that [the defendant] could have ascertained, upon receiving the [settlement demand] letter, that the case was removable."); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (per curiam) ("A settlement letter is ... sufficient to establish the amount in controversy."); 28 U.S.C. § 1446(b)(3).

18. Moreover, Plaintiff's claim for emotional distress damages, alleged in the Complaint at ¶¶ 23, and 32, is properly considered in determining the amount in controversy. In fact, in cases such as the instant action, the amount in controversy may be satisfied by the pleading of several different types of damages in the complaint, even though the removing party does not estimate the exact dollar amount of such damages. *See Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (finding that the plaintiff's alleged loss income of $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional damages, punitive damages, and attorney's fees anticipated to incur through trial, satisfy the amount in controversy required to establish diversity jurisdiction). Thus, when considering the potential amount of

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

{L0172576.2 }      5
DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S NOTICE OF REMOVAL

all damages sought by Plaintiff, it easily becomes "more likely than not" that the amount at issue in this lawsuit far exceeds the minimum amount required for diversity jurisdiction. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860 (9th Cir. 1996).

### Venue is Proper

20. In accordance with United States Code, Title 28, Section 1441(a), this notice of removal is filed in the district court of the United States in which the action is pending. The Superior Court of California, County of Orange is located within the Central District of California, Southern Division. 28 U.S.C. § 84(c)(3). Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

### Satisfaction of Requirements of 28 U.S.C. § 1446

21. In accordance with United States Code, Title 28, Section § 1446(a), this notice of removal is accompanied by Exhibits A and B, which are attached to the Declaration of Shawheen Shafizadeh, which is a copy of all process, pleadings, and orders served upon Defendant.

22. As required by 28 U.S.C. § 1446(b), the Notice of Removal was filed within 30 days after Defendant was served with the summons and complaint on July 14, 2021.

23. As required by 28 U.S.C. § 1446(d), Defendant provided notice of this removal to Plaintiff through his attorney of record.

24. As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for the County of Orange.

25. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that the Court issue an Order to Show Cause so that Defendant may have an opportunity to more fully brief the Court on the basis for removal.

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

{L0172576.2}   6
DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S NOTICE OF REMOVAL

1     Accordingly, Defendant Walt Disney Parks and Resorts U.S., Inc. removes
2 the above-entitled action to this Court.

5 DATED: August 13, 2021          LONDON FISCHER LLP

By: *Shawheen Shafizadeh*
Nicholas W. Davila
Shawheen Shafizadeh
WALT DISNEY PARKS AND RESORTS U.S., INC.

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

{L0172576.2}   7
DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S NOTICE OF REMOVAL

# PROOF OF SERVICE

*Jeras v. Walt Disney Parks and Resorts U.S., Inc., dba Disneyland, et al.*
Superior Court of California, Count
Case No.: 30-2021-01206853-CU-PO-CJC

STATE OF CALIFORNIA, COUNTY OF ORANGE

    I am employed in the County of Orange, State of California. I am over the age of 18 and am not a party to the within action. My business address is 2505 McCabe Way, Suite 100, Irvine, California 92614.

    On **August 13, 2021**, the document(s) entitled:

**DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT UNDER 28 U.S.C. §§ 1332, 1441, 1446 (DIVERSITY JURISDICTION)**

were served on the interested parties in this action by placing: [ ] the original [X] a true copy thereof, to be delivered/addressed as follows:

**SEE ATTACHED SERVICE LIST**

[X]    **(BY ELECTRONIC MAIL)** By causing the above-listed documents to be e-mailed to the person(s) at the e-mail address(es) set forth below.

**Executed on August 13, 2021, at Irvine, California.**

[X]    **(STATE)** I declare under penalty of perjury that the foregoing is true and correct.

/s/ Stephanie Bruce
PRINT/TYPE NAME

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550

{L0172623.1 }

1
PROOF OF SERVICE

# SERVICE LIST
*Jeras v. Walt Disney Parks and Resorts U.S., Inc., dba Disneyland, et al.*
Superior Court of California, Count
Case No.: 30-2021-01206853-CU-PO-CJC

| Jeremy R. Cronin, Esq.<br>**JUREWITZ LAW GROUP**<br>600 B Street, Suite 1450<br>T: 619-233-5020<br>F: 888-233-3180<br>jrc@jurewitz.com<br><br>**Attorneys for Plaintiff**<br>KENNETH JERAS | |

{L0172623.1}    2
PROOF OF SERVICE

London Fischer LLP
2505 McCabe Way
Suite 100
Irvine, CA 92614
(949) 252-0550